**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| TYREEN WALKER, | : | |
| | : | Civil Action No. 14-6802(NLH) |
| Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| NEW JERSEY STATE PAROLE BOARD, | : | |
| | : | |
| Defendant. | : | |

**APPEARANCES:**

Tyreen Walker
Central Reception and Assignment Facility
P.O. Box 7450
Trenton, NJ  08628
    Plaintiff pro se

**HILLMAN,** District Judge

    Plaintiff Tyreen Walker, a prisoner confined at the Central Reception and Assignment Facility in Trenton, New Jersey, seeks to bring this civil action in forma pauperis, without prepayment of fees or security.  Petitioner asserts that he is being held unlawfully and he asserts a claim for damages, pursuant to 42 U.S.C. § 1983, as well as a habeas claim under 28 U.S.C. § 2254, seeking immediate release.  Plaintiff cannot proceed under both

provisions in one action. In addition, he has failed to submit an application for leave to proceed in forma pauperis that would permit either type of claim to proceed at this time.

The Civil Rights Action

Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance. Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed in forma pauperis.

The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. A prisoner who is granted in forma pauperis status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee. A prisoner who is denied in forma pauperis status must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

Title 28 U.S.C. § 1915 establishes certain financial requirements for prisoners who are attempting to bring a civil action in forma pauperis. Under § 1915, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets and liabilities, which

2

states that the prisoner is unable to pay the fee.  28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint.  28 U.S.C. § 1915(a)(2).  The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was confined during such six-month period.  Id.

If the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee, in installments, as follows.  28 U.S.C. § 1915(b)(1).  In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20% of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; or (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C.

3

§ 1915(e)(2)(B) (in forma pauperis actions). See also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions). If the Court dismisses the case for any of these reasons, § 1915 does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In this action, Plaintiff failed to submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1), (2), including a certified institutional account statement. See, e.g., Hairston, Sr. v. Gronolsky, 348 F. App'x 716 (3d Cir. 2009) (affirming administrative termination of prisoner civil rights action for failure to comply with requirements of § 1915); Tyson v. Youth Ventures, L.L.C., 42 F. App'x 221 (10th Cir. 2002) (affirming dismissal without prejudice of civil action where prisoner submitted only

4

uncertified copy of institutional account statement); Johnson v. United States, 79 Fed. Cl. 769 (2007) (same).  See also Rohn v. Johnston, 415 F. App'x 353, 354-55 (3d Cir. 2011) (affirming dismissal without prejudice of civil action where prisoner failed to submit the required affidavit of poverty).

To the extent Plaintiff asserts that correctional officials have refused to provide the certified account statement, any such assertion must be supported by an affidavit detailing the circumstances of Plaintiff's requires for a certified institutional account statement and the correctional officials' refusal to comply, including the dates of such events and the names of the individuals involved.

The allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).  Accordingly, this civil rights action will be administratively terminated for failure to satisfy the filing fee requirement.

Should Plaintiff seek to proceed with his civil action for damages, he may apply to re-open this action, attaching to any such application (a) a proposed amended complaint asserting only his civil rights claims under § 1983 and (b) either the full filing fee or a complete application for leave to proceed in forma pauperis, including the required certified institutional account statement.

5

The Habeas Action

Pursuant to 28 U.S.C. § 2254, a prisoner in custody pursuant to the judgment of a state court may challenge that custody only after exhausting the remedies available in state court, or by establishing that there is an absence of available state remedies or that circumstances exist that render such state remedies ineffective to protect the rights of the prisoner. See 28 U.S.C. § 2254(b)(1). Plaintiff has failed to allege that he has exhausted his state remedies or that such remedies are ineffective.

In addition, pursuant to Local Civil Rule 81.2:

> Unless prepared by counsel, petitions to this Court for a writ of habeas corpus ... shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L.Civ.R. 81.2(a). Plaintiff did not use the habeas form supplied by the Clerk for Section 2254 petitions, i.e., "AO241 (modified): DNJ-Habeas-008 (Rev. 01-2014)."

In addition, Plaintiff has failed to name as the Respondent the individual in whose custody he is confined. Among other things, 28 U.S.C. § 2242 requires the petition for a writ of habeas corpus to allege "the name of the person who has custody over [the petitioner]." See also 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). "[T]hese provisions

6

contemplate a proceeding against some person who has the <u>immediate</u> <u>custody</u> of the party detained with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." <u>Wales v. Whitney</u>, 114 U.S. 567, 574 (1885) (emphasis added).

> In accord with the statutory language and <u>Wales</u>' immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement – "core challenges" – the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.

<u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 434-436 (2004) (citations omitted).

Finally, the filing fee for a petition for writ of habeas corpus is $5.00. Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing. Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas corpus and seeks to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, that prisoner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (a) the amount presently on deposit in the prisoner's prison account, and (2)

7

the greatest amount on deposit in the prisoner's institutional account during the six-month period prior to the date of the certification.  <u>See also</u> Rule 3(a)(2) of the Rules Governing Section 2254 Cases in the United States District Courts (requiring a habeas petition who desires to proceed <u>in forma pauperis</u> to accompany his affidavit with "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution").[1]  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed <u>in forma pauperis</u>.  Local Civil Rule 81.2(c)

    Plaintiff did not use the required form of petition; nor did he name a proper respondent; nor did he allege that he has exhausted his state remedies; nor did he prepay the filing fee or submit a complete application for leave to proceed <u>in forma pauperis</u> in a habeas proceeding.  For all of the foregoing reasons, to the extent Plaintiff's pleading could be construed as a petition for writ of habeas corpus, it shall be administratively terminated.

---

[1] As set forth in Rule 3(a)(2) of the Rules Governing § 2254 Cases and Local Civil Rule 81.2(c), the obligation to provide the required certification is mandatory.

8

Should Plaintiff seek to proceed with a habeas action at this time, he must submit a separate habeas petition using the required form and paying a separate filing fee (or submitting a separate application for leave to proceed in forma pauperis).

## CONCLUSION

For the reasons set forth above, Plaintiff's application for leave to proceed in forma pauperis will be denied without prejudice and the Clerk of the Court will be ordered to administratively terminate this action, without filing the Complaint or assessing a filing fee.[2]  Plaintiff will be granted leave to apply to re-open within 30 days.

An appropriate Order will be entered.


At Camden, New Jersey                              s/ Noel L. Hillman
                                          Noel L. Hillman
                                          United States District Judge

Dated:  November 11, 2014

---

[2] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).